UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Shirley R. Greene, | |
| Plaintiff, | C/A No. 6:04-2282-GRA-WMC |
| v. | **ORDER**<br>(Written Opinion) |
| Jo Anne B. Barnhart,<br>Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 73.02(B)(2)(a), D.S.C., and filed August 2, 2005. Plaintiff brought this action pursuant to 42 U.S.C.§§ 405(g) seeking judicial review of the final decision of the Commissioner. The Commissioner denied the Plaintiff's application for disability insurance benefits, and the magistrate recommends reversing the decision of the Commissioner.

I. Procedural Background

Plaintiff applied for disability insurance benefits on August 20, 1999, alleging that she became unable to work on September 29, 1991. The application was denied initially and on reconsideration by the Social Security Administration. On September 27, 2000, Plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom Plaintiff, her husband and her attorney appeared, considered

the case *de novo*, and on September 20, 2001, found that Plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on November 30, 2001. Plaintiff filed an action for judicial review.

On February 11, 2003, United States Magistrate Judge Joseph R. McCrorey recommended that this case be remanded to the Commissioner for further proceedings. By order filed March 4, 2003, United States District Judge Margaret B. Seymour adopted Judge McCrorey's recommendation and remanded the case. A supplemental hearing was held on October 21, 2003, at which Plaintiff, her attorney, and a vocational expert appeared. On December 23, 2003, the ALJ again found that Plaintiff was not entitled to benefits. The Appeals Council adopted the ALJ's decision on May 14, 2004. Plaintiff then filed this action on July 12, 2004. In the Report and Recommendation filed August 2, 2005, the magistrate concluded that the ALJ's findings are not supported by substantial evidence and recommends that the decision of the Commissioner be reversed. Defendant filed a response to the magistrate's Report and Recommendation on August 17, 2005. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

II.  Standards of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.  Defendant has made objections to the magistrate's Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."

*Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  However, if the Commissioner's findings of fact were based upon the application of an improper legal standard, they are not binding.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. Discussion

Defendant makes three objections to the magistrate's reversal recommendation.  First, the evidence of the record supports the ALJ's conclusion that Plaintiff's testimony was inconsistent with her limitations and not credible. Def. Obj. at 1.  Second, the "ALJ considered Dr. Richardson's opinion of disability and properly discounted it."  Def. Obj. at 2.  Third, "if the Court concludes it cannot affirm the Commissioner's decision, it should remand the case to the Commissioner for further proceedings" Def. Obj. at 3.

<u>Plaintiff's Credibility objection</u>

On February 11, 2003, Judge Seymour adopted the report and recommendation of Magistrate Judge McCrorey and remanded this case because the ALJ failed to properly assess Plaintiff's complaints of pain and other symptoms. In

4

his decision following remand, the ALJ again did not specifically address whether there was objective evidence that Plaintiff's Crohn disease could reasonably be expected to produce the pain alleged by Plaintiff. In *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996), the Fourth Circuit Court of Appeals set out a two-step analysis for evaluating subjective complaints of pain. First, there must be objective evidence of the presence of an underlying impairment that reasonably could be expected to cause the subjective complaints of the severity and persistence alleged. After this threshold question is met, consideration must be given to the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints reported. *id*. at 594-96. The ALJ never reached the threshold question of whether Plaintiff's condition could reasonably be expected to produce the pain and other symptoms she described.

Moreover, substantial evidence does not support the credibility determination of the ALJ. As noted in the Report and Recommendation, the ALJ did not specify in detail the reasons he found that Plaintiff was not credible and that her limitations were not as great as she testified. Therefore, this objection is without merit.

Treating Physician objection

Social Security Regulations advise that opinions of treating physicians are most able to provide a "detailed, longitudinal picture of medical impairment[s] and may bring a unique perspective to the medical evidence." 20 C.F.R. § 416.927 (d)(2). As a result, the opinion of a treating physician may be given controlling

weight, provided two conditions are met.  If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record, the opinion of the treating physician will be given controlling weight.  *Id.*  Additionally, it is settled law in the Fourth Circuit that the opinion of a claimant's treating physician will be given great weight, and may be disregarded only if there is "persuasive contradictory evidence."  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The ALJ considered the opinion of Dr. Scott Richardson, Plaintiff's treating physician, but gave it little weight as to the retrospective nature of Plaintiff's condition.  Clearly, a court may consider retrospective opinions of a treating physician. *Wilkens v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93 (4th Cir. 1991).  As with any treating physician's opinion, it is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.  20 C.F.R. §404.1527(d)(2).  If not entitled to controlling weight, the value of the opinion must be weighed, and the ALJ must consider: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole, and (6) the specialization of the treating physician.  20 C.F.R. §404.1527(d)(2).

The ALJ engaged in no discussion of the factors listed in the regulation. In this case, the opinion of Plaintiff's treating physician, a board-certified gastroenterologist, should be accorded controlling weight. As the magistrate found in his Report and Recommendation, Dr. Richardson's opinion is supported by the evaluations, physical examinations, and treatment of Plaintiff over several years. Moreover, as a specialist and Plaintiff's treating physician, Dr. Richardson could properly base his opinion not only on the treatment notes from prior physicians, but also on his general knowledge of Plaintiff's condition and on his medical expertise. Therefore, this objection is without merit.

### Remand objection

Simply put, this Court has the statutory authority to decide whether remand is necessary. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 45 U.S.C. §405(g). Reversal is appropriate when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standing and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012, (4th Cir. 1974). Plaintiff has not had a resolution to her claim for over six years and reopening the record for more evidence would serve no purpose. It is, therefore, the decision of the Court to enter judgment reversing the decision of the Commissioner, and the

Court does not believe remand is appropriate. Therefore, this objection is without merit.

## IV. Conclusion

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and substantial evidence exists to support the findings. Accordingly, the Report and Recommendation is accepted and adopted by this Court.

IT IS THEREFORE ORDERED that the Commissioner's decision be REVERSED, and the case REMANDED to the Commissioner to award disability insurance benefits to the Plaintiff.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August ___25___, 2005