UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| J. Leeds Barroll,<br><br>                         Petitioner,<br>Shirley R. Greene,<br><br>                         Plaintiff,<br><br>    v.<br><br>Jo Anne Barnhart,<br>Commissioner of Social Security,<br><br>                         Defendant. | C/A No. 6:04-2282-GRA<br><br>ORDER<br>(Written Opinion) |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case pursuant to 42 U.S.C. §406(b). Plaintiff's attorney seeks $5,565.75 in attorney's fees. On August 31, 2005 the Petitioner filed a petition for attorney's fees pursuant to 42 USC §406(b), which petition acknowledged that it was as yet incomplete because Defendant, the Commissioner of Social Security, had not issued its Notice of Award in this case. On February 2, 2006, this Court issued an Order staying its Ruling on Plaintiff's attorney's Motion for Attorney's Fees under 42 USC §406(b) until such time as Plaintiff's attorney forwards the Notice of Award to the Court. The Notice of Award has now been received and is dated February 12, 2006. That Notice of Award states that 25% of Plaintiff's past due benefits which have been withheld for attorney's fees equal $10,853.25. Pursuant to the offset provisions of EAJA, Petitioner was previously paid an EAJA fee of $5,287.50. Petitioner therefore requests that this Court require Defendant to pay directly to him

1

the sum of $5,565.75 from the withheld benefits of the Plaintiff. The requested amount constitutes less than 25 percent of the benefits awarded to Plaintiff.

Under §406(b)(1)(A) the attorney is entitled to "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits." The Supreme Court has held that if a contingent fee agreement exists between the parties, this agreement is the proper starting place for determining what constitutes a reasonable fee. *See Gisbrecht v. Barnhart*, 535 U.S. 789, (2002). The amount agreed to by the parties should be reduced only if the court finds it to be unreasonable. *Gisbrecht* at 808.

Plaintiff's attorney has previously been awarded fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412 in the amount of $5,287.50 by Order of this Court filed on September 26, 2005. The contingent fee agreement between Plaintiff and her attorney called for 25% of the past-due benefits awarded, which is the maximum that the attorney can seek under 406(b). The government does not oppose an award of attorney's fees to Petitioner. After a review of the record and Plaintiff's attorney's petition, this Court finds that an award of attorney's fees in the amount requested is reasonable.

IT IS THEREFORE ORDERED that Plaintiff's attorney be awarded five thousand five hundred sixty-five dollars and seventy-five cents ($5,565.75) in attorney's fees pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

                                            */s/ G. Ross Anderson, Jr.*
                                            G. ROSS ANDERSON, JR.
                                            UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March   31  , 2006